## NEWTOWN CREEK TOWING CO. v. ASTORIA IMPORTING & MFG. CO., Inc.

### No. 219.

Circuit Court of Appeals, Second Circuit.

Feb. 16, 1931.

Shearman & Sterling, of New York City (Horace M. Gray and James A. Stevenson, Jr., both of New York City, of counsel), for appellant.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■■ The essential facts, so far as they are capable of exact knowledge, are not in dispute, except the width of the channel at the respondent's dock. As to that, we have accepted the testimony of the captain of the tug, who estimated it to be about 60 feet; the distance the logs extended into it about 25 feet; and the portion through which his tug could navigate about 35 feet. This leaves the fact of the identity of whatever the tug's propeller hit to be determined wholly by inference. We agree that it might have received the damage it sustained if it had hit one of the respondent's logs. We cannot agree that any satisfactory inference may be drawn that it did hit one. The logs were near by. That is all there is to point to one of them as the cause of the damage. There is nothing to show that one of them had broken loose or was outside the boom or that anything had taken place which would have made such a thing likely. The propeller sustained damage not caused by hitting a rock, since there was no rock there to be hit, but it does not follow that it hit one of the respondent's logs simply because the damage might have been sustained if it had hit one. Presumably driftwood might have done it, and it has not been made to appear that, because the propeller hit something, that that something was one of the respondent's logs. To be sure, there is nothing to show that there was any driftwood to do it, but the same weakness in proof applies to each of the respondent's logs, and the burden to prove the respondent liable rests upon the libelant. The Oakland (C. C. A.) 241 F. 66.

■ The duty the respondent owed the libelant was to secure its logs as carefully as a prudent man in like circumstances would have secured them. Panama R. R. Co. v. Napier Shipping Co., 166 U. S. 280, 17 S. Ct. 572, 41 L. Ed. 1004. There is no evidence to show that it did not do so. All the evidence on that subject indicates that it did. Each log had its separate line held by a staple driven into the log. The separate lines were made fast to a towline which was made fast to the wharf, and all were surrounded by a boom. We do not mean to indicate that, if the libelant had actually shown one of the respondent's logs to have been out in the channel and that the tug's propeller hit it, the burden of evidence, as distinguished from the ultimate burden of proof, would not have cast upon the respondent the duty of explaining how it got there without negligence; but leave that question open and go only to the point now required that, in the absence of proof that one of the respondent's logs was hit, it cannot be presumed that the respondent negligently permitted one of its logs to be where it could have been hit. This leaves the evidence as to the care and prudence of the respondent all to the effect that it was not negligent.

Decree reversed, and libel dismissed, with costs.